J-S37024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELMER WILLIAMS, | |
| Appellant | No. 1492 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002530-2003

BEFORE:  GANTMAN, P.J., SHOGAN and LAZARUS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 11, 2016**

Appellant, Elmer Williams, appeals from the order denying his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In July of 2003, Appellant was charged with two counts each of rape, statutory sexual assault, indecent assault, and sexual assault, and one count each of corruption of a minor and endangering the welfare of a child, offenses committed against his thirteen-year–old step-daughter.[1]  On November 6, 2003, Appellant entered a negotiated guilty plea to one count each of rape, corruption of minors, and endangering the welfare of children. N.T., 11/6/03, at 8.  On February 13, 2004, the trial court sentenced

---

[1] The facts of the underlying convictions are not relevant to our disposition.

Appellant to eight to sixteen years of imprisonment for rape; two to four years for endangering the welfare of a child, consecutive to the sentence for rape; and sixteen months to four years of imprisonment for corruption of a minor, to be served consecutively to the sentence for endangering the welfare of a child. N.T., 2/13/04, at 27—28. The trial court then ordered the remainder of the charges to be *nol prossed*. On February 23, 2004, Appellant filed a motion to modify or reconsider his sentence, which the trial court denied. Appellant did not file a direct appeal.

This Court previously termed Appellant a "frequent flier" based upon his myriad petitions filed pursuant to the PCRA. ***Commonwealth v. Williams***, 405 WDA 2012, 62 A.3d 458 (Pa. Super. filed October 17, 2012) (unpublished memorandum at 3). Indeed, we noted therein that "Appellant has so abused the system that the trial court directed the Prothonotary to neither file nor docket any further motions or petitions filed by Appellant pertaining to this case," presumably without leave of court. ***Id***. at 3 n.2.[2]

This Court affirmed denials of PCRA petitions filed by Appellant on at least four prior occasions. ***See Commonwealth v. Williams***, 1513 WDA 2004, 876 A.2d 472 (Pa. Super. filed April 4, 2005) (unpublished memorandum); ***Commonwealth v. Williams***, 1045 WDA 2008 (Pa. Super. filed February 10, 2009) (judgment order); ***Commonwealth v. Williams***,

---

[2] That directive apparently has been ignored. PCRA Court Opinion, 10/20/15, at 5.

729 WDA 2009, 991 A.2d 364 (Pa. Super. filed March 2, 2010) (unpublished memorandum); and **Commonwealth v. Williams**, 405 WDA 2012, 62 A.3d 458 (Pa. Super. filed October 17, 2012) (unpublished memorandum).

Appellant, *pro se*, filed the instant PCRA petition on August 17, 2015. The PCRA court denied it as untimely on September 13, 2015. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the PCRA court committed reversible error by dismissing [A]ppellant's PCRA petition as untimely?

2. Whether the PCRA court committed a manifest injustice by upholding the illegal sentence that's imposed upon the [A]ppellant?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080,

1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008) (citing *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that Appellant's judgment of sentence became final on March 25, 2004, thirty days after the trial court denied Appellant's post-sentence motion on February 24, 2004, and Appellant failed

to file a direct appeal with this Court.[3]  42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).  Thus, a timely PCRA petition had to have been filed by March 25, 2005.  Because Appellant did not file the instant PCRA petition until August 17, 2015, it is patently untimely.

As noted, the PCRA court dismissed the petition as untimely. Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4]  "However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented."

---

[3]  The year 2004 was a leap year.

[4]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citing *Commonwealth v. Leggett*, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)).

Appellant challenged the legality of his sentence in his PCRA petition and his brief to this Court. Herein, he inartfully attempts to invoke the time-bar exception under Section 9545(b)(1)(iii), relying on *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015), and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). Appellant's Brief at 10. Thus, Appellant's citations may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on *Alleyne*.

Appellant avers that *Hopkins* is controlling authority. In *Hopkins*, our Supreme Court held that 18 Pa.C.S. § 6317, which imposed a mandatory minimum sentence for a drug sale or possession-with-intent-to-deliver charge within 1,000 feet of a school, was unconstitutional. Appellant fails to explain why *Hopkins* controls his mandatory sentence, whose source he fails to identify, although it appears to have been imposed pursuant to 42 Pa.C.S. § 9718. This defect, alone, is noteworthy; Appellant's failure to connect *Hopkins* to his case prevents him from relying on the date of *Hopkins* for purposes of the sixty-day rule under 42 Pa.C.S. § 9545(b)(1)(iii). Appellant's reliance on *Hopkins*, therefore, is misplaced. Appellant's Brief at 8.

*Hopkins* relied upon *Alleyne*, which is the seminal case cited by Appellant. Appellant's Brief at 8–10. This Court explained the ruling and impact of *Alleyne* in *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015), as follows:

> In *Alleyne*, the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne*, the United States Supreme Court expressly overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an *Apprendi* attack in the *Harris* decision.
>
> In *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (relying upon *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Riggle*, 119 A.3d at 1064 (emphasis added).

*Alleyne* was decided on June 17, 2013. Appellant filed this fifth PCRA petition on August 17, 2015, well more than sixty days, indeed two years after, the date the claim could have been presented. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the

sixty-day period begins to run upon the date of the underlying judicial decision."). Therefore, Appellant cannot avail himself of 42 Pa.C.S. § 9545(b)(1)(iii).

Furthermore, while this Court has held that *Alleyne* applies to cases that were on direct appeal when *Alleyne* was issued, we have declined to construe that decision as applying retroactively to cases time-barred under the PCRA. *See*, *e.g.*, *Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa. Super. 2015), where we stated:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

Thus, we conclude that the common pleas court was without jurisdiction to grant relief in this matter, and it properly dismissed Appellant's fifth PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2016